UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSEPH BOOKER | : CIVIL NO: 04-3656(JCL) |
| Petitioner, | : |
| v. | : **MEMORANDUM AND ORDER** |
| UNITED STATES OF AMERICA, | : |
| Respondent. | : |

**LIFLAND, District Judge**

On August 3, 2004, Petitioner filed a motion for relief pursuant to 28 U.S.C. § 2255 based on four claims: (1) his sentencing under the United States Sentencing Guidelines violated the Sixth Amendment; (2) his counsel was ineffective because he had the Petitioner waive the Statute of Limitations; (3) there was no jurisdiction to prosecute him under the wire fraud statute (18 U.S.C. § 1343); and (4) this Court should apply a sentence credit to the sentence he is currently serving based for alleged errors in sentences he served for committing unrelated federal crimes twenty-five years ago.

## SIXTH AMENDMENT CLAIM

Petitioner's Sixth Amendment Claim must be denied because the judgment in his case became final before the United States Supreme Court decided United States v. Booker, and that decision is not retroactive. Lloyd v. United States, 407 F.3d 608, 616 (3d Cir. 2005).

Petitioner's judgment became final on August 18, 2003, ninety days after the Third Circuit Court of Appeals refused to review Petitioner's conviction *en banc*, when his time to petition the Supreme Court for *certiorari* expired. See United States v. Davies, 394 F.3d 182, 186. n2 (3d Cir. 2005) (where a defendant does not file a *certiorari* petition, the judgment of conviction becomes final when the time for seeking *certiorari* expires.) United States v. Booker was decided on January 12, 2005.[1] Therefore, Booker does not apply to the Petitioner's case. For this reason, Petitioner's Sixth Amendment Claim is denied.

## INEFFECTIVE ASSISTANCE OF COUNSEL CLAIM

Petitioner's ineffective assistance of counsel claim will be denied because Petitioner was not prejudiced by the advice about which he now complains. Petitioner admits that the two counts of the Indictment to which he

---

[1] United States v. Booker, 543 U.S. 220 (2005) has no relationship to this prosecution of Joseph Booker.

plead guilty would not have been time-barred even if he had not agreed to waive the statute of limitations.

To demonstrate that his counsel was ineffective, a petitioner "'must [first] show that counsel's representation fell below an objective standard of reasonableness.'" United States v. Cross, 308 F.3d 308, 315 (3d Cir. 2002) (quoting Strickland v. Washington, 466 U.S. at 687-88).

Strickland further explained that a petitioner must also show that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. Id. At 694. That is, a petitioner must "affirmatively prove prejudice." Id. at 693. Therefore, even if counsel's conduct was unreasonable, it "does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." Id. at 691.

Here, Petitioner has failed to show prejudice. Petitioner waived the statute of limitations and plead guilty to Counts Three and Five of the Indictment. Neither Count Three nor Count Five would have been time-barred even if Petitioner had not agreed to the waiver about which he now complains. Thus, Petitioner cannot establish any prejudice resulting from his decision because he did not plead guilty to any of the tolled counts.

3

Count Three charged a violation of 18 U.S.C. §1343 based on conduct occurring on or about March 6, 1995.  Count Five charged a violation of 18 U.S.C. § 371 based on conduct occurring from September 1993 through at least March 1995.  When the Indictment was returned on February 4, 2000, neither Count Three not Count Five was barred by the five-year statute of limitations governing the relevant crimes charged.

Indeed, Petitioner admits that the two counts of the Indictment to which he plead guilty would not have been time-barred even without his waiver (Pet. Br. P. 27).

Accordingly, Petitioner's claim that his counsel rendered ineffective assistance by advising him to waive the statute of limitations is denied.  Petitioner suffered no prejudice whatsoever as a result of that decision.

### JURISDICTION TO PROSECUTE PETITIONER UNDER THE FEDERAL WIRE FRAUD STATUTE, 18 U.S.C. §1343

The federal wire fraud statute prohibits the use of interstate wires to execute a scheme to defraud.  It provides:

> Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire, radio or televison communication in interstate or foreign commerce, any writings, signs,

**4**

> signals, pictures, or sounds for the purpose of executing such scheme or artifice, shall be fined under this title or imprisoned not more than 20 years, or both. If the violation affects a financial institution, such person shall be fined not more than $1,000,000 or imprisoned not more than 30 years, or both.

18 U.S.C. §1343.

Here, Count Three of the Indictment alleged that on March 6, 1995, a telephone call was made from Rhode Island to New Jersey to verify the employment of one of the nominees, his nephew, Darnell Booker. This was obviously incident to an essential part of the scheme. It was necessary to the scheme that Petitioner made the nominees appear qualified for the loans by submitting false information about their income and their assets to the lenders. (PSR at ¶ 8). As set forth in the Indictment, one of the misrepresentations that the Petitioner made or caused to be made in connection with this fraudulent scheme was that Darnell Booker's fictitious employment could be verified by calling one of two New Jersey telephone numbers (Indictment at ¶21(e)). This was done to make it appear that his nephew could afford to make monthly mortgage payments to repay the loan. After Petitioner got the loans and the loan payments stopped, the banks could not turn to him; the only ones they could turn to were the nominees, who had no assets and no means to repay the loans. (PSR at ¶ 8).

Similarly, Count Five, which charged Booker with conspiracy to devise a scheme and artifice to defraud using interstate wire communications, was based on the interstate wire transmission that was the basis for Count Three, as well as two additional interstate wires that were used to verify the employment of the nominees, and an April 15, 1996 fax transmission from Massachusetts regarding the Petitioner's lulling offer to repay the fraudulently obtained loans.

The interstate wires alleged in Counts Three and Five of the Indictment were incident to an essential part of Petitioner's scheme to defraud. For this reason, Petitioner's claim of lack of jurisdiction is denied.

### **CREDIT FOR TIME PETITIONER SERVED ON UNRELATED CRIMES THAT HE COMMITTED PRIOR TO THE INSTANT OFFENSE**

Petitioner argues that this Court should credit the sentence he is currently serving because in 1979, he was improperly sentenced in the Middle District of Alabama. He appears to be claiming that that sentence should have been run concurrently with a sentence he received for a 1980 conviction in the District of New Jersey. (Pet. Br. pp. 50-52).

The Government argues that any issues involved in his sentencing for those two earlier convictions should have been raised at the time he was sentenced for those offenses, not some twenty-five years later in the context of a totally

unrelated proceeding. Petitioner responds that this is an appropriate forum because those convictions were used in determining his sentence on the instant offense. (Pet. Br. p. 48).

With the exception of convictions obtained in violation of the right to counsel, a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 is not the appropriate vehicle for determining whether a conviction later used to enhance a federal sentence was unconstitutionally obtained. See, e.g., Daniels v. United States, 532 U.S. 374, 382(2001) (Petitioner not permitted to challenge constitutionality of state convictions used in sentencing him under the Armed Career Criminal Act).

In Daniels, the Supreme Court explained that this result was required based upon two consideration:

> [E]ase of administration and the interest in promoting the finality of judgments. With respect to the former, we noted [in Custis v. United States] that non-Gideon-type constitutional attacks on prior convictions "would require sentencing courts to rummage through frequently nonexistent or difficult to obtain state-court transcripts or records." With respect to the latter, we observed that allowing collateral attacks would "inevitably delay and impair the orderly administration of justice" and "deprive the state-court judgment of its normal force and effect."

7

Daniels, 532 U.S. at 382, quoting Custis v. United States, 511 U.S. 485, 496-97 (1994).  Obviously, both of these considerations are present in the instant case, where Petitioner asks this court to consider twenty-five year-old records (which Petitioner fails to provide) and determine the interrelation of two twenty-five-year-old judgments.  If Petitioner wanted to make these arguments, he should have done so in his appeal of those cases or in a habeas petition twenty-five years ago.

Moreover, unlike the cases he cites, Petitioner does not dispute that he was rightfully convicted of both of those offenses twenty-five years ago, nor does he claim that they were overturned or even that the length of the sentence imposed in either was inappropriate.  All he complains about is that the sentences should have been run concurrently, not consecutively.  Thus, the alleged "error" that he seeks to correct in his previous convictions did not affect his sentence on the instant charge. See, U.S.S.G. §4A1.2(a)(2) (2000) ("Prior sentences in unrelated cases are to be counted separately.")[2]

---

[2] Indeed, Petitioner asserted at his sentencing in this matter, and again in his direct appeal, that these two twenty-five-year-old convictions were related for sentencing purposes, arguing they were part of a common scheme or plan. See United States v. Booker, 61 Fed. Appx. 789, 794-795, 2003 WL 1191181, **4(3d Cir. 2003).  Both this Court and the Third Circuit rejected this argument. Id.

Thus, Petitioner is not entitled to a credit for time he served on unrelated crimes that he committed prior to the instant offense. For this reason, that claim is denied.

## CONCLUSION

Petitioner Joseph Booker has failed to satisfy the burden of proof required for the relief demanded. His motion for a writ of habeas corpus is denied in all respects. A Certificate of Appealability shall not issue.

/s/ John C. Lifland, U.S.D.J.

DATED: December 9, 2005